# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GRACE J. RISHELL,           )
                                      )
       Plaintiff,         )
                                      )
       v.                )     C.A. No. N22C-08-058 CEB
                                      )
HARTLY VOLUNTEER FIRE    )
COMPANY, a domestic corporation,  )
                                      )
       Defendant.    )

Submitted:  December 5, 2023
Decided:  January 31, 2024

## MEMORANDUM OPINION

*Upon Consideration of Defendants' Renewed Motion to Dismiss,*
**GRANTED**

Gary S. Nitsche Esquire, Caroline A. Kaminski, Esquire, Nitsche & Fredricks, LLC, Wilmington, Delaware. *Attorneys for Plaintiff.*

Daniel A. Griffith, Esquire, Thomas Wallace, Esquire, Whiteford Taylor & Preston, LLP, Wilmington, Delaware. *Attorneys for Defendant.*

**BUTLER, R.J.**

## BACKGROUND

An ambulance was called to Plaintiff's residence.[1] The Plaintiff had previously suffered a stroke and had heart issues. Her daughter called for the ambulance and while waiting, family members moved vehicles out of the driveway.[2] The ambulance, from Defendant Hartly Volunteer Fire Company, parked in the street, some 60 feet away from the house.[3] EMTs entered the residence, where the Plaintiff was located in her second-floor bedroom. Finding a critically low heart rate, the EMTs elected to remove her immediately to a hospital.[4]

The EMTs did not use a stretcher or other device in transporting the Plaintiff from her room to the ambulance, but instead assisted her in walking.[5] As they ambulated to the ambulance, Plaintiff fell and suffered injuries.[6]

We had a previous "go" at Defendant's motion to dismiss based on an immunity claim, but, like ships passing in the night, the parties were in the same ocean, but missed each other by several miles. The state and county tort claims acts got tangled up in the briefing and so the Court invited them to go take some

---

[1] Compl. ¶ 8.
[2] *Id.* ¶ 8.
[3] *Id.* ¶ 10.
[4] *Id.* ¶ 9.
[5] *Id.* ¶ 10.
[6] *Id.* ¶ 11.

discovery and try again. They apparently elected to take no discovery but try again anyway. Well, ok then.

Defendant's motion, brought under Del. Super. Ct. R. 12(b)(1) is limited to the question whether Hartly is immune from suit.[7] It points the Court to the County and Municipal Tort Claims Act ("CMTCA"),[8] which immunizes volunteer fire companies[9] from suit.

Plaintiff has responded to the motion, agreeing that the CMTCA grants a broader immunity than the state Tort Claims Act, but urging that only "discretionary" acts are immune under the CMTCA and transporting a patient from her house to an ambulance was not discretionary, but rather "ministerial."[10] Therefore, the argument goes, the CMTCA does not apply.

## ANALYSIS

At the risk of returning down the state/county tort claims rabbit hole, the Court simply notes that the structure of the two statutes is different and presumptions as to inclusion or exclusion should not be presumed from one to the other.

---

[7] Def.'s Renewed Mot. to Dismiss Pl.'s Compl.
[8] 10 *Del. C.* §§ 4010-4013.
[9] 10 *Del. C.* § 4010(2).
[10] Pl.'s Response to Def.'s Renewed Mot. to Dismiss.

The CMTCA, with which we are concerned here, states in blanket terms, that "all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[11] "Government entities" includes volunteer fire companies.[12] Thus, at least as far as the CMTCA is concerned, the Defendant is immune, and waivers of the immunity are the exception.

Waivers of CMTCA immunity are indeed delineated and they are few. Waivers involve:

1) ownership, maintenance or use of motor vehicles, special equipment, or other machinery or equipment, whether mobile or stationary.

2) construction, operation, or maintenance of a public building, and

3) the sudden and accidental discharge of liquids or gases.[13]

**1. The Only Waivers of Immunity Are Found In Section 4012; Section 4011(b) Does Not Confer Additional Waivers of Immunity.**

The locus of concern for the parties here is not the waiver provision of section 4012 above, but rather the further grant of immunity that is articulated in section 4011(b). While section 4011(a) sets forth the broad immunity quoted above, section 4011(b) expands the immunity granted by section 4011(a). Under section 4011(b), conduct is immune "notwithstanding §4012 of this title." Conduct for which a

---

[11] 10 *Del. C.* § 4011(a).
[12] 10 *Del. C.* § 4010(2).
[13] 10 *Del. C.* § 4012.

waiver of immunity applies under section 4012 is reserved for immunity under section 4011(b).

For example, legislative, judicial or "quasi" judicial acts are immune from suit.[14] Also immune is:

> The performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid or invalid.[15]

So even if immunity is waived under section 4012, if the conduct involved a discretionary function, it is immune from a suit for damages.

The defense would have the Court analyze the EMT's decision whether to put the Plaintiff on a stretcher or walk with her to the ambulance as an issue of "discretionary function" vs. a "ministerial act." The argument is that if it was a ministerial act (and not discretionary), it is not immune from suit.

The case of *Sadler v. New Castle County*[16] looms large in our analysis so it is worth a careful look. Kenneth Sadler was a 20-year-old man who suffered a mishap

---

[14] 10 *Del. C.* § 4011(b)(1-2).
[15] 10 *Del. C.* § 4011(b)(3).
[16] 524 A.2d 18 (Del. Super. 1987), *aff'd*, 565 A.2d 917 (Del. 1989).

while attempting to walk across a waterfall on the Brandywine Creek.[17] He fell into the Creek, injuring his head and was rescued by his friends who resuscitated him and went across the Creek for help.[18] The Talleyville Fire Company came to assist and immobilized Sadler on a backboard and cervical collar.[19] Using their rescue equipment, they then executed a fairly tricky maneuver to get him back across the Creek and to a hospital.[20]

Unfortunately, Mr. Sadler was rendered a quadriplegic, the Plaintiff blaming his treatment by the EMTs, the Defense blaming his incapacitation on the fall.[21] In order to defeat Talleyville Fire Company's asserted defense of immunity under the CMTCA, the Plaintiff argued that the equipment deployed by the emergency personnel was "other machinery or equipment" for which immunity was waived under the "motor vehicle" exception to immunity in section 4012(1).[22]

The Superior Court rejected Plaintiff's argument that the rescue equipment fell within the ambit of "other machinery or equipment" in the motor vehicle

---

[17] *Sadler*, 524 A.2d at 21.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 24.

immunity waiver and granted summary judgment for Talleyville.[23]    Plaintiff appealed.

The Delaware Supreme Court affirmed, but chose a different basis than the definitions in the "motor vehicle" waiver of immunity found in section 4012. Instead, the Court looked to section 4011(b)(3), which articulates "discretionary" acts as immunized, regardless whether immunity is waived under section 4012.[24] The Court said that "[w]hile it would appear that the most common application of immunity to discretionary governmental functions involves policy decisions under the police power, errors committed in the exercise or enforcement of activities undertaken under the police power also enjoy protection."[25]

Given that Sadler's rescuers had to make choices in how to get Sadler out of his predicament, the decision to bring him across the creek using their rescue equipment certainly involved the exercise of discretion, so the decision is not notable in that respect.  But why did the Court choose this route and not the one chosen by the Superior Court in construing the waiver of immunity provisions in section 4012?

---

[23] *Id.*
[24] *Sadler*, 565 A.2d at 922.
[25] *Id.* at 921.

The Court explained that:

> The application of section 4012(1) has proved troublesome because of the general language—"or other machinery or equipment"—that appears in the statute following a list of designated items of municipal property that includes "any motor vehicle, special mobile equipment, trailer, aircraft." Because the term "equipment," in its broadest sense, may embrace an endless variety of material items within the possession, ownership, or control of a governmental entity, a literal application of the term may seriously erode the Act's general grant of immunity and result in the exception swallowing the rule.[26]

Thus, the Court's concern was that prolonged litigation over "equipment" in the immunity waiver provision might so expand the waiver of immunity as to render it limitless. Clearly, the Court was concerned with expanding the waiver of immunity. But in choosing to rule on the basis that the EMTs were exercising their discretion, the Court opened the door to the argument raised by Plaintiff here: If the act complained of is *not* "discretionary" – that is, it is "ministerial" – does that mean it is *not* immune under the statute? The Supreme Court did not address the issue.

The interpretation pressed by Plaintiff, however, is inconsistent with the structure of the immunity statutes. Section 4011(a) grants immunity in the broadest terms possible: "all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[27] Section 4012

---

[26] *Id.* at 922-923.
[27] 10 *Del. C.* § 4011(a).

provides specific waivers of immunity. Section 4011(b) is not found among the waiver provisions in section 4012. Rather, it is in the immunity grants found in section 4011. Section 4011(a) provides a general, blanket grant of immunity to all government activity. Section 4011(b) goes further by providing that even if immunity is waived under section 4012, conduct within section 4011(b) is still immune "notwithstanding §4012 of this title." Indeed, the statute makes clear: "[p]aragraphs (b)(1) to (6) of this section to which immunity applies are cited as examples and shall not be interpreted to limit the general immunity provided by this section."[28] We cannot read paragraphs (b)(1) to (6) to present an occasion to wordsmith our way into additional waivers of immunity when this provision admonishes us to do just the opposite.[29]

Subsection (b)(3) is there to make it explicit that discretionary acts are immune.[30] But it does not follow that the reverse – non-discretionary acts – are not immune. Rather, waiver of immunity extends to only those acts found in section 4012. Section 4011(b) is not there to create a different class of waivers to immunity. So, to use the subsection (b)(3) example again, if we do not have discretionary behavior, we resort to the general principle of immunity for government conduct

---

[28] 10 *Del. C.* § 4011(b).
[29] *Id.*
[30] 10 *Del. C.* § 4011(b)(3).

8

granted in section 4011(a).[31] If it is not about cars, buildings, or fumes under section 4012, it does not matter whether the conduct was discretionary or ministerial.

### 2. Plaintiff's Injuries Did Not Arise From Hartly's Ownership, Maintenance or Use of the Ambulance

The final argument Plaintiff makes to maintain this action is that the claim fits within the immunity waiver provision of section 4012 because it arises from Hartly's "ownership, maintenance or use" of a motor vehicle.

In *Sussex County v. Morris*, a paranoid, schizophrenic, alcoholic was being transported by a county constable in the constable's personal vehicle.[32] Because it was not a police car, the passenger was able to unlock the door and throw himself out of the moving vehicle and onto the roadway.[33] He was injured and he sued Sussex County, among others.[34]

---

[31] Section 4011(b) might be criticized as a redundancy, since section 4011(a) immunizes *all* government conduct except as waived in section 4012. But subsection (b) goes further to provide that acts within its provisions are immune even if immunity is waived under section 4012. So, for example, a legislative act under subsection (b)(1) would be immune even if it concerned the construction, operation or maintenance of a public building, for which immunity is waived under 10 *Del. C.* § 4012(2).

[32] *Sussex County Del. v. Morris*, 610 A.2d 1354, 1356 (Del. 1992).

[33] *Id.*

[34] *Id.*

The County argued that the injuries did not result from anything wrong with the car.[35] The Supreme Court called that argument a misreading of the statute.[36] The Court said "The motor vehicle exception in Section 4012(1) applies when the vehicle itself is the instrument of the harm. Here, it could not be more obvious that Morris' injuries were a direct result of the improperly equipped automobile Blake used."[37]

In this case, the injuries were not the result of an improperly equipped car, or from the operation of the car, or maintenance of the car. Plaintiff tells us that the EMTs "were walking Plaintiff toward the ambulance. When Plaintiff was within 15 feet of the ambulance, she suffered a syncope event due to her low heart rate, fell, and fractured her hip."[38] The fact that she was on her way to a vehicle is not even relevant to what Plaintiff claims was the negligent act: permitting her to walk instead of putting her on a stretcher or wheelchair.

The Plaintiff references some case law from Personal Injury Protection ("PIP") lawsuits in which, for example a school bus passenger, approaching the bus, was held to be covered by the bus company's insurance because the bus driver gave

---

[35] *Id.* at 1359.
[36] *Id.* at 1360.
[37] *Id.*
[38] Pl.'s Response to Def.'s Renewed Mot. to Dismiss, ¶ 1.

10

the plaintiff directions that resulted in his getting hit by a car.[39] The *Buckley* case, cited by Plaintiff, was interpreting the bus company's insurance policy, which covered "Any person while occupying ... your car ..." and "Occupying means in, on, entering, or exiting."[40]

The difficulty with the analogy Plaintiff draws is that insurance and PIP protection serve quite different purposes from the government's interest in controlling its liability for general torts. The CMTCA makes no effort to define "occupying" an automobile. That is not the language being interpreted by the Delaware Supreme Court in the *Morris* case. The Court finds Plaintiff's argument unpersuasive.

## CONCLUSION

In view of the foregoing, Defendant's Motion to Dismiss must be **GRANTED**.

**IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

---

[39] *Buckley v. State Farm Mutual Automobile Insurance Company,* 139 A.3d 845, 846-47 (Del. Super. 2015).
[40] *Id.* at 847.

11